NOT DESIGNATED FOR PUBLICATION

No. 116,572

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LINDA M. MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 12, 2017. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*:  Linda M. Miller appeals her sentence following her convictions of burglary and felony theft. We granted Miller's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested either that Miller's sentence be affirmed or that her appeal be dismissed for lack of jurisdiction.

On June 17, 2016, pursuant to a plea agreement, Miller pled no contest to one count of burglary and one count of felony theft. Miller's presentence investigation report indicated that she had six prior theft convictions. On July 22, 2016, the district court imposed a controlling sentence of 27 months' imprisonment. Miller timely appealed.

1

On appeal, Miller claims the district court "violated her rights under *Apprendi v. New Jersey*, 530 U.S. 466, [120 S. Ct. 2348, 147 L. Ed. 2d 435] (2000), when it used her prior criminal history to increase her sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt." The State argues that Kansas statutes and caselaw do not grant this court authority to review the imposition of a presumptive sentence. In the alternative, the State argues that the district court's use of Miller's criminal history to enhance her sentence is not unconstitutional.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Moreover, the constitutionality of a sentencing statute is a question of law subject to unlimited appellate review. *State v. Moore*, 302 Kan. 685, 708, 357 P.3d 275 (2015).

As Miller acknowledges in her motion for summary disposition, K.S.A. 2015 Supp. 21-6804(p) provides that the sentence for a conviction of burglary or theft "shall be presumed imprisonment" when the defendant has any combination of three or more prior felony convictions of either burglary, aggravated burglary, or theft. Subsection (p) also states: "The sentence under this subsection shall not be considered a departure and shall not be subject to appeal." Also, K.S.A. 2015 Supp. 21-6820(c)(1) generally provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime. The district court complied with K.S.A. 2015 Supp. 21-6804(p) when it sentenced Miller to prison for her current convictions of burglary and felony theft. The district court imposed a presumptive sentence which shall not be reviewed on appeal.

Even if this court had jurisdiction to review Miller's sentence, Miller acknowledges that in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), our Supreme Court held that the use of a defendant's prior criminal history to impose a sentence does not violate the defendant's constitutional rights under *Apprendi*; see also *State v. Fewell*, 286 Kan. 370, 394-96, 183 P.3d 903 (2008) (affirming the position taken in *Ivory*). The Court

of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication that our Supreme Court is departing from its previous position in *Ivory*.

Appeal dismissed.