NOT DESIGNATED FOR PUBLICATION

No. 117,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY NGOC PHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 15, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Danny Pham was on probation after being convicted of multiple crimes in four separate cases. When he pled guilty in 16CR835 to giving a worthless check, a felony, committed while on probation, the district court sentenced him to 11 months' imprisonment and revoked his probation in the four prior cases based upon his commission of a new crime. The cases have been consolidated on appeal. We granted Pham's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

Pham first claims that the district court erred when it revoked his probation without imposing an intermediate sanction. But as Pham acknowledges, pursuant to

1

K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Pham has not shown that the district court abused its discretion by revoking his probation. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Next, Pham claims the district court erred in sentencing him to prison in 16CR835 when his presumptive sentence was probation. But pursuant to K.S.A. 2016 Supp. 21-6604(f)(1), when a defendant is convicted of a new felony while on felony probation, the court may sentence the defendant to prison for the new conviction even if the defendant is otherwise presumptive probation, and the imposition of such a sentence does not constitute a departure.

Finally, Pham claims the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence in 16CR835 without requiring it to be proved to a jury beyond a reasonable doubt. But Pham acknowledges that our Supreme Court rejected this claim in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication that our Supreme Court is departing from its position in *Ivory*.

Affirmed.