NOT DESIGNATED FOR PUBLICATION

No. 117,133

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKIILAR T. PRINCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed March 23, 2018. Affirmed in part, sentence vacated, and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM:  When determining whether a prior out-of-state conviction is a person or nonperson felony for sentencing purposes, a court examines whether Kansas has a comparable offense and how the comparable offense is classified. Such an analysis is not as easy as it seems and often involves a somewhat counterintuitive analysis to avoid some important constitutional minefields. In this case Skiilar T. Prince has a prior conviction in Missouri for burglary in the first degree that he contends was improperly classified as a person felony in arriving at his Kansas criminal history score. We agree for the reasons set forth below, vacate his sentence, and remand for resentencing.

1

Prince also argues that his constitutional rights were violated when the State was not required to prove his prior convictions beyond a reasonable doubt to the jury. This issue has already been addressed by the Kansas Supreme Court contrary to Prince's position here. We are bound to follow Kansas Supreme Court precedent, so his second claim fails.

FACTUAL AND PROCEDURAL HISTORY

In November 2016, Prince pled guilty to one count of possession of methamphetamine, a severity level 5 drug felony. At sentencing, Prince's criminal history score was B, based in part on a 2004 Missouri conviction for first-degree burglary. The presentence investigation (PSI) report stated that Prince's 2004 Missouri conviction was for "Burglary first degree—habitation." Prince was sentenced and filed a timely notice of appeal.

ANALYSIS

*The district court erred in finding that Prince's prior Missouri burglary should be scored as a person felony under the Kansas Sentencing Guidelines Act.*

In this case Prince argues that the district court erred in scoring his prior Missouri burglary as a person felony. He asks that we vacate his sentence and remand the case for resentencing using the correct criminal history category.

*Our standard of review is de novo.*

This case involves the interpretation of multiple statutes. "Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the KSGA [Kansas Sentencing Guidelines Act]. Interpretation of a

statute is a question of law over which appellate courts have unlimited review." *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

*Prince's conviction of first-degree burglary in Missouri was not sufficiently comparable to burglary of a dwelling or aggravated burglary of a dwelling in Kansas to be scored as a person felony.*

Under the KSGA a defendant's sentence is based on two factors:  the severity of the current offense and the criminal history score of the defendant. See K.S.A. 2017 Supp. 21-6804(a). The criminal history score is calculated by examining the defendant's prior convictions. Each prior conviction is classified as either a misdemeanor or a felony and as a person or nonperson offense. K.S.A. 2017 Supp. 21-6810. Having more person convictions results in a higher criminal history score, which in turn leads to longer prison sentences. See K.S.A. 2017 Supp. 21-6804(a); K.S.A. 2017 Supp. 21-6809. Classifying an out-of-state conviction can prove challenging.

An out-of-state conviction is first classified as a felony or a misdemeanor based on the law of the convicting jurisdiction. K.S.A. 2017 Supp. 21-6811(e). If the crime is considered a felony in the other state it will count as a felony in Kansas. K.S.A. 2017 Supp. 21-6811(e). Here there is no dispute that Prince's Missouri first-degree burglary conviction must be counted as felony, because it is a felony in Missouri. Mo. Rev. Stat. § 569.160 (2000).

Next, the out-of-state conviction is classified as either a person or nonperson offense by looking to the "comparable offense" under Kansas law in effect on the date the current crime of conviction was committed. K.S.A. 2017 Supp. 21-6811(e). The issue in dispute is whether Prince's Missouri first-degree burglary conviction should be counted as a person felony or a nonperson felony in Kansas. And how it is counted makes a difference in his sentence. With one less person felony in his criminal history, Prince

3

would fall under a criminal history category C, instead of the criminal history category B, for which he was sentenced. Such a sentence would no longer require prison, but would allow for probation and could be as low as 28 months or as high as 32 months. As it is, Prince received a 32-month prison sentence and his motion for a dispositional departure to probation was denied. K.S.A. 2014 Supp. 21-5706(a), (c)(1); K.S.A. 2014 Supp. 21-6805. So we next turn to how we determine whether a prior conviction is to be counted as a person felony or a nonperson felony.

The court makes the determination of whether a crime is a person crime or nonperson crime by looking to see whether Kansas had a comparable offense at the time the defendant committed the current crime of conviction. K.S.A. 2017 Supp. 21-6811(e); *Keel*, 302 Kan. at 590. If there is no comparable offense in Kansas at the time the defendant committed the current crime of conviction, the out-of-state conviction is classified as a nonperson offense. K.S.A. 2017 Supp. 21-6811(e). If Kansas does have a comparable offense at the time the defendant committed the current crime of conviction, the court must refer to that comparable offense in Kansas in deciding whether to classify the prior out-of-state conviction as a person or nonperson offense. K.S.A. 2017 Supp. 21-6811(e).So we must determine whether Kansas has a comparable offense to first-degree burglary in Missouri. We have received recent guidance from the Kansas Supreme Court regarding the method we use to determine comparability.

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, . . . , the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. ___, Syl. ¶ 3 (No. 112,361, filed March 9, 2018).

In 2004, the time of Prince's Missouri conviction, Missouri defined burglary in the first degree as:

4

"1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:

(1) Is armed with explosives or a deadly weapon or;

(2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or

(3) There is present in the structure another person who is not a participant in the crime." Mo. Rev. Stat. § 569.160 (2000).

Missouri defined inhabitable structure as:

"[A] ship, trailer, sleeping car, airplane, or other vehicle or structure:
"(a) Where any person lives or carries on business or other calling; or
"(b) Where people assemble for purposes of business, government, education, religion, entertainment, or public transportation; or
"(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." Mo. Rev. Stat. § 569.010(2) (2000).

Both parties agree that the Kansas statute with which the Missouri statute should be compared is the Kansas burglary statute. At the time of his conviction in the present case, Kansas defined burglary as:

"(a) Burglary is, without authority, entering into or remaining within any:
(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

. . . . .

5

"(c)(1) Burglary as defined in:

(A) Subsection (a)(1) is a severity level 7, person felony . . . ;

(B) subsection (a)(2) is a severity level 7, nonperson felony." K.S.A. 2014 Supp. 21-5807.

Dwelling is defined, for purposes of the Kansas burglary statute, as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). So in Kansas, the fact that the building is a dwelling is what makes it a person rather than a nonperson felony.

It is clear that the Missouri crime of burglary in the first-degree is broader than the Kansas crime of burglary. In order to be convicted of felony burglary in Kansas, a person must enter a dwelling with the intent to commit a felony, theft, or sexual battery therein. The Missouri statute, however, prohibits the entry into a building or inhabitable structure to commit *any* crime. In addition, in Kansas a dwelling is defined "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2014 Supp. 21-5111(k). In contrast, the statute in Missouri is much broader, in that the person must enter a building *or* inhabitable structure. Moreover, the term inhabitable structure includes "such non-dwelling places as a business, government office, school, church, roller-skating rink, or bus station." *Wetrich*, slip op. at 15. In *Wetrich*, our Supreme Court held that as it relates to identical language in the Missouri second-degree burglary statute "the breadth of the element [of building or inhabitable structure] in Missouri defeats comparability with the Kansas crime of burglary of a dwelling." Slip op. at 15. The same is true here. So, the two operative statutes are not comparable.

Accordingly, we must vacate Prince's sentence and remand the case for resentencing using the correct criminal history category.

*Prince's rights were not violated by the court's failure to submit his prior convictions to a jury to be established beyond a reasonable doubt.*

Prince argues that his constitutional rights were violated because the State was not required to prove his prior convictions to a jury beyond a reasonable doubt. Prince acknowledges that this argument was previously rejected by the Kansas Supreme Court. See *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002). Prince includes this argument to preserve the issue for federal review.

This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication that the Kansas Supreme Court is departing from its ruling in *Ivory*.

Affirmed in part, sentence vacated, and case remanded for resentencing based on the proper criminal history category.