No. 112,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY JAY MEYER,
*Appellant*.

SYLLABUS BY THE COURT

The State's breach of a plea agreement denies the defendant due process even when the district court's sentencing decision is unaffected by that breach. As such, a breach will only constitute harmless error if a court can say beyond a reasonable doubt that the State's promise had little, if any, influence on the defendant's decision to enter into the plea agreement. This harmless error rule applies both when the defendant objects to the breach and when he or she raises the issue for the first time on appeal.

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed October 23, 2015. Sentence vacated and case remanded with directions.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.:  Tony Jay Meyer sexually assaulted his foster sister and pled no contest to two charges stemming from that assault. As part of a plea agreement, the

1

State promised to depart to the sentencing grid and recommend mitigated consecutive sentences. Instead, the State admittedly breached the plea agreement and recommended aggravated sentences. Nonetheless, the district court sentenced Meyer to concurrent mitigated sentences. Because we are unable to say beyond a reasonable doubt that the State's promise to recommend mitigated sentences had little, if any, influence on the defendant's decision to enter into the plea agreement, we must vacate Meyer's sentence and remand the case for resentencing before a different judge with instructions that the State specifically adhere to the plea agreement.

FACTUAL AND PROCEDURAL HISTORY

After Meyer sexually assaulted his 7-year-old foster sister, the State charged him with a single count of aggravated criminal sodomy. Later, the State added a single count of aggravated indecent liberties with a child.

Ultimately, the State and Meyer entered into a plea agreement. In exchange for Meyer pleading guilty or no contest to the charges, the State agreed to stipulate to a departure to the sentencing grid and to recommend consecutive mitigated sentences from the applicable grid boxes. Meyer retained the ability to argue for a further departure, although the State reserved the right to oppose such a motion. The district court accepted Meyer's pleas and convicted him of both charges.

Before sentencing, Meyer filed a motion for a further departure down to two concurrent sentences of 75 months' imprisonment each. Meyer based his arguments largely on a psychologist's opinion that with the proper treatment, Meyer posed no future threat to the community. The district court heard argument on the motion at sentencing, with the State—as indicated in the plea agreement—opposing the additional departure. At the end of its argument, the State summed up its position by saying, "We're asking the Court to impose an aggravated sentence of 165 months on the aggravated criminal

2

sodomy and a consecutive sentence of 61 months on the aggravated indecent liberties with a child."

The district court agreed to depart to the sentencing grid but denied Meyer's motion for a further departure. However, the district court also stated, "I do not believe that the State's recommendation for aggravated consecutive sentences is appropriate given the totality of the circumstances we're facing in this case." Instead, the district court sentenced Meyer to *concurrent* mitigated sentences of 147 months' and 55 months' imprisonment.

Shortly after sentencing, Meyer timely appealed. However, his notice of appeal was specific to "the sentence imposed on March 3, 2014, specifically on the issue of lifetime post release and lifetime electronic monitoring."

ANALYSIS

For the first time on appeal, Meyer argues that the State violated the plea agreement when it recommended the aggravated sentence rather than the mitigated one. The State admits that it recommended the wrong number but counters that the error is a harmless one.

But as a preliminary matter, the State strenuously contends that this court lacks the ability to even hear Meyer's arguments. So we will first examine the State's jurisdictional arguments.

*Insufficient notice of appeal*

The State's first argument centers on Meyer's notice of appeal. As previously noted, Meyer appealed "the sentence imposed on March 3, 2014, specifically on the issue

of lifetime post release and lifetime electronic monitoring." The State contends that because Meyer limited his appeal to only those two sentencing issues, this court lacks jurisdiction to consider any argument beyond that very limited scope.

A criminal defendant may appeal "from any judgment against the defendant in the district court." K.S.A. 2014 Supp. 22-3602(a). In order to perfect this appeal, however, the defendant must file a notice of appeal. K.S.A. 2014 Supp. 60-2103(a). "It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal." *State v. Huff*, 278 Kan. 214, Syl. ¶ 2, 92 P.3d 604 (2004). Although our Kansas courts liberally construe notices of appeal to assure each proceeding is just, "there is still a substantive minimum below which a notice cannot fall and still support jurisdiction." *State v. Laurel*, 299 Kan. 668, 673, 325 P.3d 1154 (2014). Whether jurisdiction exists is a question of law over which this court exercises unlimited review. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014).

Several recent cases have allowed our Kansas courts the opportunity to better define and describe that substantive minimum. Broad and general language that encompasses all adverse rulings or every order in a case is "sufficiently inclusive to perfect appeals from otherwise unspecified rulings." *Gates v. Goodyear*, 37 Kan. App. 2d 623, 627, 155 P.3d 1196, *rev. denied* 284 Kan. 945 (2007). However, when an appellant specifically names a given order or ruling, the appellate court obtains jurisdiction over that order alone. See 37 Kan. App. 2d at 628-29. For example, a notice that a defendant intends to appeal his or her sentence is insufficient to also appeal the conviction from which that sentence stems. See *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012).

However, a notice of appeal is also not meant to be overly technical or detailed. *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000). Typographical errors and misplaced modifiers, although faults in the notice of appeal, are insufficient to divest the

4

court of jurisdiction. See *State v. Lewis*, 301 Kan. 349, 370, 344 P.3d 928 (2015) (misplaced date modifier); *Laurel*, 299 Kan. at 675 (wrong appellant's name). And perhaps more importantly, our Kansas courts frequently consider whether the State is prejudiced or surprised "by a defendant's timely filed but otherwise faulty notice of appeal." 299 Kan. at 674.

Here, Meyer specifically appealed from his sentencing and now raises two issues that arose during that hearing: the State's violation of the plea agreement and the district court's decision on his departure motion. No other hearings or orders are implicated. Moreover, the State alleges no prejudice or surprise stemming from the notice of appeal. Instead, the State appears to argue that despite the rule of liberal construction, Meyer must be strictly held to those issues named in the notice. See *Laurel*, 299 Kan. at 673. But as noted in *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000),

> "The notice of appeal is not a device to alert the parties to all possible arguments on appeal. That is the purpose and function of the docketing statements and briefs filed by the parties. . . . Whether a party has detailed its arguments in the notice of appeal does not affect the State's practice or its appellate strategy."

Accordingly, we find that the notice of appeal in this case is sufficient to establish jurisdiction over Meyer's sentencing and the two issues that arose at sentencing and that he now appeals.

*Failure to raise the issue below*

Next, the State argues that Meyer failed to preserve the issue concerning the plea agreement. Because Meyer never objected before the district court, the State contends that this court cannot hear the issue. Moreover, the State rejects Meyer's argument that two of the exceptions to this preservation rule apply.

Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But there are exceptions to this rule. Specifically, a new legal theory may be asserted for the first time on appeal if: (1) the new theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). But an appellant must also explain why such an issue should be considered for the first time on appeal, lest this court deem the issue improperly briefed or waived and abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Here, Meyer clearly presents two justifications for why this court should hear the plea agreement issue despite his failure to raise it below. First, he points out that this issue involves only a question of law arising on admitted facts. Second, he argues that this issue prevents the denial of his due process rights. The State, however, claims that neither of these exceptions apply.

There is no need to address the first exception, because the second exception clearly applies here. When the State violates a plea agreement, the defendant's due process rights are violated. *State v. Urista*, 296 Kan. 576, Syl. ¶ 2, 293 P.3d 738 (2013). As such, "appellate courts may address the issue for the first time on appeal in order to serve the ends of justice or prevent a denial of fundamental rights." *State v. Chetwood*, 38 Kan. App. 2d 620, Syl. ¶ 4, 170 P.3d 436 (2007), *rev. denied* 286 Kan. 1181 (2008). And although the State asserts in its brief that no denial of fundamental rights occurred, *Urista* instructs that a breach of the plea agreement violates the defendant's rights even when the district court's decision is unaffected by the State's actions. 296 Kan. 576, Syl. ¶ 2. In other words, this exception applies regardless of whether the defendant suffered harm

from the State's breach. 296 Kan. 576, Syl. ¶ 2; *Chetwood*, 38 Kan. App. 2d 620, Syl. ¶ 4. Accordingly, we will consider the issue despite Meyer's failure to object below.

*The breach of the plea agreement*

Having addressed the State's preliminary arguments, the next question is whether the State's breach of the plea agreement constitutes harmless error. The State concedes that it violated the agreement when it recommended the aggravated sentences rather than the mitigated ones. But the State also maintains that Meyer suffered no harm from this breach, as the district court sentenced him to mitigated (per the plea agreement) and concurrent (per his departure request) sentences.

As previously mentioned, the State's breach of a plea agreement denies the defendant due process even when the district court's sentencing decision is unaffected by that breach. *Urista*, 296 Kan. at 594. As such, a breach will only constitute harmless error "if a court can say beyond a reasonable doubt that the State's promise had little, if any, influence on the defendant's decision to enter into the plea agreement." 296 Kan. at 594-95. This harmless error rule applies both when the defendant objects to the breach and when he or she raises the issue for the first time on appeal. See 296 Kan. at 594-95 (timely objection); *State v. McDonald*, 29 Kan. App. 2d 6, 9-11, 26 P.3d 69 (2001) (issue raised for the first time on appeal).

The State contends that the breach is harmless because the most important part of the plea agreement was the departure to the sentencing grid. However, nothing in the record suggests that Meyer's motivation revolved solely around that departure. It is just as likely that Meyer entered into the plea agreement for both the departure to the grid and the mitigated sentences, or even for the mitigated sentences alone. After all, Meyer moved for a further departure prior to sentencing, arguing that his circumstances justified an even shorter sentence than the one to which he and the State agreed. This motion at

7

least suggests that Meyer wished to serve the shortest prison sentence possible, meaning that the promise of a mitigated sentence could have attracted him to the agreement as much as the promise of the departure to the grid. And even without such speculation, the State's unsupported assertion about Meyer's motivations is insufficient to satisfy the high burden placed upon the State in proving the error's harmlessness.

As for the State's contention that this court should consider the sentence Meyer ultimately received when deciding whether the error is harmless, our Kansas Supreme Court in *Urista* clearly articulated that the test for harmlessness concerns only the effect that the State's promise had on the defendant's decision to enter into the plea agreement. 296 Kan. at 594-95. This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). There is no indication that our Supreme Court has abandoned or altered the harmless error test from *Urista*. Moreover, there is no way to know whether the State's recommendation for aggravated sentences affected the district court's decision to deny Meyer's motion for further departure. The State's argument that Meyer's final sentence demonstrates the harmlessness of the breach is unpersuasive.

In short, the State breached the plea agreement and violated Meyer's due process rights when it recommended the aggravated sentences rather than the mitigated ones. The State also failed to demonstrate beyond a reasonable doubt that Meyer's decision to enter into the agreement was not influenced by the promise to recommend those mitigated sentences. The error is therefore not harmless.

Despite his favorable sentence and the possibility of either a more favorable or a less favorable sentence on remand, Meyer requests that this case be remanded for resentencing before a different judge with instructions that the State specifically perform the agreement, which is the typical remedy for a case such as this one. See *Urista*, 296

8

Kan. at 595. We agree. Accordingly, Meyer's sentence is vacated and the case remanded for resentencing before a different judge with instructions that the State specifically adhere to the plea agreement.

Sentence vacated and case remanded with directions.