NOT DESIGNATED FOR PUBLICATION

No. 113,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

GRANT RICHARD DOWNING,
*Appellee*.

MEMORANDUM OPINION

Appeal from Elk District Court; JANETTE L. SATTERFIELD, judge. Opinion filed December 16, 2016. Reversed and remanded.

*Joe E. Lee*, county attorney, *Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*:  When Grant Richard Downing refused to submit to a breath test after an automobile collision, officers applied for and received a search warrant to test his blood. The test revealed that Downing's blood alcohol concentration was .23, nearly three times the legal limit. Downing moved to suppress the blood evidence, arguing that our Kansas implied consent statute only allows an officer to obtain a search warrant after a test refusal if an injury or fatality accident has occurred. The district court agreed and suppressed the result of the blood test. The State appeals. Because we find that the Supreme Court's recent ruling in *City of Dodge City v. Webb*, 305 Kan. 351, 381 P.3d 464

1

(2016), controls this issue, we reverse the district court's suppression of the blood test result obtained through a warrant and remand the case for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

Downing ran a stop sign and collided with another vehicle. The collision did not result in any serious injury. At the scene, Elk County Undersheriff John Walker noticed several indicators suggesting Downing might be intoxicated: (1) he claimed to have turned over his license and insurance information when he had not; (2) he struggled to remove his license from his billfold; (3) he smelled of alcohol, slurred his speech, and swayed as he stood. Walker also observed a beer can inside Downing's vehicle. When asked, Downing admitted to drinking "a couple beers."

Walker asked Downing to complete a preliminary breath test and field sobriety tests, but Downing refused. Downing later refused a chemical breath test as well. After this refusal, Walker applied for and received a warrant to test Downing's blood, which revealed a blood alcohol concentration of .23.

Based on this incident, the State charged Downing with five offenses, including driving under the influence. Prior to trial, Downing moved to suppress the blood evidence, arguing that a recent case, *Hoeffner v. Kansas Dept. of Revenue*, 50 Kan. App. 2d 878, Syl. ¶ 8, 335 P.3d 684 (2014), *rev. granted* 302 Kan. 1009 (2015), established that law enforcement officers cannot obtain a search warrant for a blood test after a suspect refuses a breath test.

At a hearing on this motion, the parties discussed the split of authority arising out of this court between *Hoeffner* and *City of Dodge City v. Webb*, 50 Kan. App. 2d 393, 329 P.3d 515 (2014), *rev. granted* 302 Kan. 1008 (2015). The State asked the district court to apply *Webb*, which held that officers can obtain a search warrant for a blood test

2

after a suspect refuses a breath test. Downing, however, maintained that *Hoeffner* controlled.

After carefully considering the arguments, the district court suppressed the blood evidence. In ruling, the district court relied on the "basic principle . . . in statutory interpretation" that if a statute leads to two possible interpretations, the ambiguity must be construed in the defendant's favor. The State timely appealed.

While on appeal, the Kansas Supreme Court, which had granted a petition for review in both *Hoeffner* and *Webb*, heard oral arguments on those cases. Recognizing that a decision by the Supreme Court would resolve the split between the *Hoeffner* and *Webb* Court of Appeals panels, the parties made a joint motion to stay this appeal pending the Supreme Court's ruling in those cases. We granted the motion and stayed the case.

The Supreme Court entered its decisions affirming *Webb*, 305 Kan. 351, and reversing *Hoeffner v. Kansas Dept. of Revenue*, No. 110,323, 2016 WL 6248316 (Kan. 2016) (unpublished opinion), on October 21, 2016. On October 26, 2016, this court sent the parties an order to show cause as to why the district court's decision in the case should not be reversed in light of the decision in *Webb*. Having received no response from either party, we are prepared to rule.

ANALYSIS

The State's sole argument on appeal boils down to a single legal question:  does the Kansas implied consent statute permit a law enforcement officer to obtain a search warrant for a suspect's blood after that same suspect refuses a breath test? In *Webb*, the Kansas Supreme Court unequivocally found that a police officer may seek a search warrant to obtain a blood test in spite of the driver's refusal to submit to a test of breath or

3

blood under the Kansas implied consent law. In this case, we are duty bound to follow Supreme Court precedent. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Accordingly, the decision of the district court suppressing Downing's blood test result is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.