NOT DESIGNATED FOR PUBLICATION

No. 116,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN L. STANTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed September 1, 2017. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Jordan L. Stanton appeals the district court's sentence requiring him to register as a sex offender for 25 years as a result of several convictions for instances of aggravated sexual battery that occurred in late 2010. On appeal, Stanton contends that the district court sentence violated his constitutional rights because the Kansas Offender Registration Act (KORA) in 2010 required sex offenders to register for only 10 years. Specifically, he argues that forcing him to register as a sex offender for 25 years violates his constitutional protection against an ex post facto punishment. As the Kansas Supreme Court has repeatedly rejected similar arguments, we affirm.

1

On August 25, 2015, the State filed a criminal complaint against Stanton. In the complaint, the State charged Stanton with five counts: two counts of aggravated sexual battery, two counts of breach of privacy, and one count of rape. The State subsequently filed an amended complaint charging 16 additional counts. The State also added a charge of aggravated criminal sodomy.

The district court bound Stanton over on all counts except for one count of aggravated sexual battery and one count of rape. Furthermore, the district court held that the breach of privacy counts should be classified as misdemeanors rather than as felonies. Accordingly, the State filed a second amended complaint on November 18, 2015, which was consistent with the rulings of the district court at the preliminary hearing. Later, the district court found that the statute of limitations barred the breach of privacy counts for acts occurring prior to August 25, 2010.

Prior to trial, the parties entered into a plea agreement in which Stanton agreed to plead guilty to two counts of aggravated sexual battery and three counts of breach of privacy. In exchange, the State agreed to dismiss the remaining counts and only seek to have the two aggravated sexual battery charges run consecutive with each other. At a plea hearing held on March 23, 2016, the district court accepted Stanton's plea.

On May 18, 2016, Stanton filed a motion asking the district court to impose a 10-year registration requirement, rather than the statutorily required 25-year registration. He argued that at the time he committed the crimes of conviction, KORA only required a sex offender to register for 10 years. He further argued that to impose a 25-year registration requirement would violate his constitutional protections against an ex post facto punishment.

At a sentencing hearing held on May 25, 2016, the district court rejected Stanton's argument regarding the length of registration. The district court then sentenced Stanton to a total prison term of 64 months—with the aggravated sexual battery sentences of 32 months of prison time, each running consecutively, and the breach of privacy sentences running concurrent with the aggravated sexual battery sentences. The district further ordered Stanton to serve 24 months of postrelease supervision and ordered him to register as a sex offender for a period of 25 years.

ANALYSIS

On appeal, Stanton contends that the district court's imposition of a 25-year registration sentence violates the Ex Post Facto Clause found in Article 1, § 10 of the United States Constitution. Specifically, Stanton argues that the registration requirement is a punishment and that the district court cannot punish him under amendments to the law that the State enacted after he committed the crimes of conviction. He also argues that, even if the 25-year registration requirement is not in and of itself a punishment, the additional 15 years of registration beyond the 10 years required under the previous statute would constitute punishment because the public disclosure of his registration information after 10 years rose to the level of punishment.

The constitutionality of a sentencing statute is a question of law subject to unlimited appellate review. *State v. Moore*, 302 Kan. 685, 708, 357 P.3d 275 (2015). Clearly, the Ex Post Facto Clause of the United States Constitution forbids legislative enactments that impose a *punishment* for an act that was not punishable when it was committed or which impose additional *punishments* to those prescribed when a crime was committed. *State v. Prine*, 297 Kan. 460, 469, 303 P.3d 662 (2013).

3

For ex post facto challenges to KORA, the Kansas Supreme Court has recently ruled that registration of sex offenders is not punishment. See *State v. Reed*, 306 Kan. ___, ___ P.3d ___, No. 110,277, 2017 WL 3326944, at *4 (Kan. 2017). In *Reed*, our Supreme Court expressly extended the holding of *State v. Petersen-Beard*, 304 Kan. 192, 208, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016). The *Petersen-Beard* court held that KORA's lifetime registration for sexual offenders was not punishment under either the United States Constitution or the Kansas Constitution. *Petersen-Beard*, 304 Kan. at 208-10. The *Petersen-Beard* court specifically found that, since KORA registration was not punitive, registration did not violate constitutional protections against cruel and/or unusual punishment. *Petersen-Beard*, 304 Kan. at 208-10. In *Reed*, our Supreme Court similarly held that the KORA's 25-year registration requirement does not violate a defendant's ex post facto protections. 2017 WL 3326944, at *1.

Stanton candidly recognizes that *Petersen-Beard* stands against his position that registration is punishment. Rather, he asks us to reevaluate the holding in *Petersen-Beard*. However, we are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). As the *Reed* decision and others indicate, our Supreme Court has given us no indication that it is backing away from the position it took in *Petersen-Beard*.

In support of his second argument, Stanton cites *State v. Myers*, 260 Kan. 669, 695-99, 923 P.2d 1024 (1996). In *Myers*, the Kansas Supreme Court ruled that the public disclosure requirements of the Kansas Sexual Offender Registration Act—a precursor to the KORA—violated the Ex Post Facto Clause as applied due to the ease of public access to offender registration information. 260 Kan. at 698-99. But as our Supreme Court has more recently found in *Petersen-Beard*, publicizing the name of a registered sex offender on the Internet and placing an "RO" label on an the driver's license of a registered sex offender are constitutionally appropriate. 304 Kan. at 199-204. Therefore, we do not find

that the public disclosure requirements of the KORA violate the Ex Post Facto Clause as applied to Stanton.

Affirmed.