NOT DESIGNATED FOR PUBLICATION

No. 110,816

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT A. JANSSEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jewell District Court; KIM W. CUDNEY, judge. Opinion on remand filed March 30, 2018. Reversed and remanded with directions.

*Michael S. Mogenson*, of Mogenson & Branson LLC, of Mission, for appellant.

*Darrell Miller*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

PER CURIAM: Scott A. Janssen's case returns to this court following our Supreme Court's order summarily vacating this court's decision in *State v. Janssen*, No. 110,816, 2014 WL 6909682 (Kan. App. 2014) (unpublished opinion) (*Janssen I*). In *Janssen I*, we affirmed Janssen's conviction of driving under the influence of alcohol (DUI), rejecting his various claims on appeal, including his claim that the district court erred in denying his motion to suppress. 2014 WL 6909682, at *20.

Our Supreme Court remanded to this court to reconsider three issues: (1) whether Janssen's evidentiary breath test results must be suppressed because his consent to the test

was coerced by the threat of criminal prosecution for refusing to take the test; (2) whether Janssen's evidentiary breath test results must be suppressed because the Kansas Implied Consent Law under K.S.A. 2012 Supp. 8-1001 et seq. is unconstitutional; and (3) whether Janssen's evidentiary breath test results must be suppressed because the language of the implied consent advisory provided to him did not match the plain language of the statute. Our Supreme Court directed us to reconsider these issues in light of *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed 560 (2016); *State v. Nece*, 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*); *State v. Ryce*, 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*); *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*); and *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*).

The parties are familiar with the underlying facts, and we will not repeat them in any detail. Suffice it say that after conducting a roadside investigation, Undersheriff Donald Jacobs arrested Janssen for DUI. Once at the jail, Jacobs read the implied consent advisory to Janssen, which included the threat of criminal prosecution if Janssen refused to submit to an evidentiary breath test. After receiving the warnings, Janssen consented to a warrantless breath test and the results were .136. Janssen filed a motion to suppress the evidence in district court on the grounds that his consent to the breath test was not voluntary, but the district court denied the motion. A jury found Janssen guilty of operating a vehicle while the alcohol concentration in his blood or breath was at least .08.

This court initially upheld the district court's decision on the motion to suppress in our memorandum opinion filed on December 5, 2014. 2014 WL 6909682, at *2-17. However, the Kansas Supreme Court and the United States Supreme Court subsequently filed several decisions that have an impact on our ruling. As directed by our Supreme Court, we will reconsider our ruling in light of the more recent appellate court decisions.

In *Ryce I*, our Supreme Court found that the blood-alcohol tests authorized by the Kansas Implied Consent Law are searches subject to the protections of the Fourth

2

Amendment to the United States Constitution. 303 Kan. at 912-13. A search is unreasonable under the Fourth Amendment if it is conducted without a warrant, subject only to a few "well-delineated exceptions" to the warrant requirement. 303 Kan. at 913. While the court recognized that consent was a valid basis to perform a warrantless search, the court also held that the Fourth Amendment protected an individual's right to withdraw that consent. 303 Kan. at 957. The court ultimately held that K.S.A. 2014 Supp. 8-1025, which imposes criminal penalties upon a motorist for refusing to submit to any method of blood-alcohol testing, is facially unconstitutional because the statute criminalizes a defendant's right to withdraw his or her consent to a warrantless search and the statute is not narrowly tailored to serve a compelling state interest. 303 Kan. at 963.

In the companion case of *Nece I*, our Supreme Court held that a driver's consent to a breath test premised on the threat of criminal prosecution for test refusal is deemed to be involuntary. 303 Kan. at 889. Specifically, the court stated that such consent "was unduly coerced because, contrary to the informed consent advisory, the State could not have constitutionally imposed criminal penalties if [the driver] had refused to submit to breath-alcohol testing. Thus, because [the] consent was premised on the inaccurate information in the advisory [the] consent was involuntary." 303 Kan. at 889.

After the Kansas Supreme Court filed its decisions in *Ryce I* and *Nece I*, but before those decisions became final, the United States Supreme Court issued its decision in *Birchfield*. In *Birchfield*, the United States Supreme Court held that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving but not warrantless blood tests. 136 S. Ct. at 2184-85. The Court also determined that motorists may not be criminally punished for refusing to submit to a warrantless blood draw. 136 S. Ct. at 2185-86. Noting that it was not addressing the constitutionality of various state implied consent laws, the Court ultimately held:

3

"Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. . . .

"It is another matter, however, for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test. There must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads.

". . . [W]e conclude that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." 136 S. Ct. at 2185-86.

In light of the decision in *Birchfield*, the Kansas Supreme Court granted the State's motion for a rehearing in *Ryce I* and *Nece I*. However, our Supreme Court essentially reaffirmed its holding in each case. See 306 Kan. at 699-700 (*Ryce II*); 306 Kan. at 681 (*Nece II*). The *Ryce II* court modified its earlier opinion to the extent that the *Birchfield* court recognized that breath tests can be conducted under the search incident to arrest exception to the warrant requirement. 306 Kan. at 698-99. But in reaffirming its decision that K.S.A. 2016 Supp. 8-1025 is facially unconstitutional as to both breath tests and blood tests, our Supreme Court emphasized that "the key to *Ryce I* and its sister cases is an issue of statutory interpretation . . . not, as in *Birchfield*, [with] whether warrantless blood and breath tests were reasonable under the Fourth Amendment." *Ryce II*, 306 Kan. at 699. In *Nece II*, our Supreme Court reaffirmed its holding that a driver's consent to either a breath test or a blood test is involuntary, under the totality of the circumstances, when the consent is obtained by means of an inaccurate and coercive advisement that refusal to submit to the test could result in criminal prosecution. 306 Kan. at 681.

Returning to our facts, Janssen submitted to a warrantless breath test after being advised that refusal to submit to the test could result in a separate criminal prosecution. Based on the Kansas Supreme Court's holding in *Nece II*, Janssen's consent was involuntary because it was obtained by means of an inaccurate and coercive advisement. See 306 Kan. at 681. The Court of Appeals is duty bound to follow Kansas Supreme

4

Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 172, 360 P.3d 467 (2015). We have no indication that our Supreme Court is departing from its recent decision in *Nece II*.

A search is unreasonable under the Fourth Amendment if it is conducted without a warrant, subject only to a few "well-delineated exceptions" to the warrant requirement. *Ryce I*, 303 Kan. at 913. In Janssen's case, the only applicable exception to support the admission into evidence of his warrantless breath test results is his free and voluntary consent, which Janssen did not give. The State has not asserted in Janssen's case, either in district court or on appeal, any other applicable exceptions to the warrant requirement such as search incident to a lawful arrest or the good-faith exception to the exclusionary rule, to support the admission into evidence of Janssen's warrantless breath test results. As a result, we must conclude that the district court erred in denying Janssen's motion to suppress the evidence. Therefore, we reverse Janssen's DUI conviction and remand with directions to suppress the evidence of his breath test results. Based on this ruling, we do not need to address the other issues Janssen has raised on appeal.

Reversed and remanded with directions.