NOT DESIGNATED FOR PUBLICATION

No. 117,616

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE GERARDO SOTELO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed May 4, 2018. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Jose Gerardo Sotelo appeals his sentence and offender registration requirement from his conviction of attempted aggravated robbery. We granted Sotelo's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not respond to Sotelo's motion. After review, we affirm Sotelo's offender registration requirement and dismiss the appeal of his sentence for lack of jurisdiction.

The State charged Sotelo with one count of attempted aggravated robbery, contrary to K.S.A. 2016 Supp. 21-5420(b)(1) and K.S.A. 2016 Supp. 21-5301(c)(1), a severity level 5 person felony. The complaint alleged that Sotelo committed this crime

1

while he pointed a firearm/BB gun at the victim. Sotelo pled no contest as charged, and the district court found him guilty. Prior to sentencing, Sotelo filed motions for a downward and a dispositional departure sentence, arguing for less time in prison or a probation sentence.

At sentencing, the district court denied both of Sotelo's departure motions and sentenced Sotelo to the presumptive mitigated sentence of 53 months' imprisonment with 24 months' postrelease supervision. The State conceded that a BB gun was used, not an actual firearm. However, the district court made the explicit finding that Sotelo had committed the crime with a deadly weapon and, thus, had a duty to register as a violent offender for 15 years. Sotelo did not dispute this registration requirement.

Sotelo now timely appeals his registration requirement and sentence.

First, Sotelo argues the district court's finding that his crime of conviction was committed with a deadly weapon should have been a question for a jury because the registration requirement is a punishment that increases his sentence. He acknowledges that he raises this issue to preserve it for potential federal review.

Lifetime postrelease registration for sex offenders under the Kansas Offenders Registration Act (KORA), K.S.A. 22-4901 et seq., does not constitute punishment for purposes of applying the United States or Kansas Constitutions. *State v. Petersen-Beard*, 304 Kan. 192, Syl. ¶¶ 1-2, 377 P.3d 1127 (2016). In making his argument, Sotelo incorporates the arguments and authorities raised in *State v. Huey*, 306 Kan. 1005, 399 P.3d 211 (2017), *petition for cert. filed* December 29, 2017. Huey argued for the first time on appeal that his duty to register under KORA as a violent offender—rather than a sex offender as in *Petersen-Beard*—was a punishment. However, Huey presented no fact-based record for the factors that must be considered when determining whether

2

KORA's effects render it punitive as applied to violent offenders. The Kansas Supreme Court held that

> "[w]ithout a record, we cannot conclude the effects of KORA's registration requirements as to violent offenders are so punitive as to override the legislature's intent that KORA be a civil remedy. Therefore, Huey has not demonstrated, as he must, that the registration requirements constitute punishment. Because the registration requirements did not increase Huey's punishment under the law of this case, it was not necessary that Huey's use of a deadly weapon be found beyond a reasonable doubt by a jury." 306 Kan. at 1010.

The procedural facts and arguments presented in *Huey* are the same as those presented by Sotelo. Like Huey, Sotelo did not raise this argument before the district court and did not provide a fact-based record on the factors we must consider in determining KORA's punitive effects on violent offenders. See 306 Kan. at 1010; *State v. Meredith*, 306 Kan. 906, 913, 399 P.3d 859 (2017). Thus, Sotelo has not demonstrated that his registration requirement as a violent offender constitutes punishment.

Sotelo argues that *Huey* was incorrectly decided. However, "[t]his court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position." *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Because the KORA registration requirements did not increase Sotelo's punishment under the law of this case, it was not necessary that Sotelo's use of a deadly weapon be found beyond a reasonable doubt by a jury. His duty to register as a violent offender under KORA is affirmed.

Second, Sotelo argues that the district court erred in denying his departure motions. However, Sotelo received a presumptive sentence in this case, and this court

3

lacks jurisdiction to review challenges to presumptive sentences. See K.S.A. 2017 Supp. 21-6820(c)(1).

Affirmed in part and dismissed in part.