NOT DESIGNATED FOR PUBLICATION

No. 118,634

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ETHAN SNIDER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed December 21, 2018.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Michelle L. Brown*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: For convictions in the Geary County District Court on two charges of sexual exploitation of a child, the district court sentenced Mark Snider to 68 months in prison followed by postrelease supervision for life. Snider now argues the order for lifetime postrelease supervision in his case is a categorically disproportionate punishment under the Eighth Amendment to the United States Constitution. We find no error and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

In March 2017, following a law enforcement investigation that revealed Snider had sent sexually explicit photographs to minors and solicited sexually explicit photographs from minors on multiple occasions, Snider entered no contest pleas to two counts of sexual exploitation of a child, see K.S.A. 2017 Supp. 21-5510(a)(1). One count was based on an event in April 2016 involving a 15-year-old female in Geary County, and the second count arose from an event between February 2012 and November 2013, involving a different 15-year-old female in Dickinson County. The district court accepted the pleas and found Snider guilty of the severity level 5 person felonies.

Because sexual exploitation of a child is defined as a "sexually violent crime," a term of lifetime postrelease supervision was a mandatory component of Snider's sentence. See K.S.A. 2017 Supp. 22-3717(d)(1)(G)(i), (d)(5)(H). Before the district court, Snider—who had no criminal history—argued that imposition of lifetime postrelease supervision was unconstitutionally disproportionate to the crimes of which he stood convicted. The district court rejected this argument and Snider timely appeals.

ANALYSIS

We note at the outset that Snider abandons his argument before the district court challenging his sentence under the Kansas Constitution. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013) (an issue not briefed by appellant is deemed waived or abandoned). He confines his appeal to an Eighth Amendment categorical proportionality challenge, which implicates only questions of law. Our review of legal questions is unlimited. *State v. Mossman*, 294 Kan. 901, 925, 281 P.3d 153 (2012).

Extensive analysis is unnecessary since the issue Snider presents has been decided by the Kansas Supreme Court. See *State v. Williams*, 298 Kan. 1075, 319 P.3d 528

2

(2014). In *Williams*, the defendant was a first-time offender who was convicted of sexual exploitation of a child. The district court imposed a term of lifetime postrelease supervision as a part of Williams' sentence. 298 Kan. at 1077.

Williams' argument before the Supreme Court is now echoed by Snider. Williams contended the imposition of lifetime postrelease supervision was unconstitutionally disproportionate as applied to first-time offenders over age 18 who were convicted of crimes involving possession of pornographic images of a person under age 18. 298 Kan. at 1086. Our Supreme Court rejected that argument, holding:

> "Lifetime postrelease supervision for a first-time offender over age 18 convicted of sexual exploitation of a child for crimes involving possession of pornographic images of children under age 18 is not categorically disproportionate under the Eighth Amendment to the United States Constitution." 298 Kan. 1075, Syl. ¶ 8.

Snider acknowledges the holding in *Williams* controls this issue but maintains *Williams* was wrongly decided. Snider claims that imposition of lifetime postrelease supervision for his crimes—which did not involve physical or sexual contact—is "grossly disproportionate and overbroad."

We are duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Snider does not cite any authority supporting the proposition that our Supreme Court is considering a departure from its holding in *Williams*. Accordingly, we find Snider's lifetime postrelease supervision term does not constitute cruel and unusual punishment under the Eighth Amendment and the district court committed no error when it imposed that mandatory lifetime postrelease term.

Affirmed.