NOT DESIGNATED FOR PUBLICATION

No. 119,449

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE TERRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed June 28, 2019. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM: Tyrone Terry appeals the denial of his presentence motion to withdraw his plea agreement. Terry argues the district court failed to conduct a meaningful hearing on his motion. He also alleges the district court's imposition of the aggravated sentence within the presumptive grid block of the Kansas Sentencing Guideline Act (KSGA) violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. Upon review, we find no support in Terry's arguments. We affirm.

1

FACTS

Tyrone Terry stabbed his girlfriend multiple times during an argument. The State charged Terry with attempted first-degree murder and misdemeanor battery. Pending trial, Terry's attorney requested a competency evaluation. Based on a report from Larned State Security Hospital, the district court found Terry competent to stand trial.

Terry agreed to plead guilty to attempted second-degree murder and kidnapping, severity level 3, person felonies. After discussing the agreement with his attorney, Terry signed an "Acknowledgment of Rights and Entry of Plea." Terry's acknowledgment listed a possible sentencing range of 55 to 247 months in prison for each charge. Terry acknowledged:

- He had completed 11 years of schooling;
- He had no problems understanding English;
- He had the opportunity to review and discuss the plea agreement with his attorney;
- No one had coerced him, promised him anything, or threatened him to enter the plea agreement; and
- He waived his rights to a trial.

Three days later at his plea hearing, the district court and Terry engaged in a detailed plea colloquy. During the colloquy, the district court confirmed Terry:

- Had the opportunity to review the plea agreement and discuss it with his attorney;
- Had no questions concerning the plea agreement;
- Was not under the influence of any alcohol or medication impairing his ability to understand the charges against him;

2

- Understood he was giving up his right to a trial by signing the agreement and entering his plea;

- Again acknowledged he understood the plea agreement after the prosecution read it aloud; and

- Was not agreeing to the plea because of any threats, force, coercion, or promises.

After completion of the plea colloquy, the court accepted Terry's guilty plea and found him guilty of attempted second-degree murder and kidnapping.

Prior to sentencing, Terry filed two pro se motions to withdraw his plea. The district court appointed new counsel to represent Terry and heard Terry's motion. Terry's counsel argued he was under duress when entering the plea because his former counsel told him he could face more time if he did not accept the plea. Then the court directly addressed Terry—not under oath. Terry advised the district court he was unable to read, and he had someone else write his pro se motions. Terry claimed his illiteracy caused misunderstanding and his former attorney did not thoroughly review the plea documents. Terry stated he accepted the plea because he was nervous to say otherwise and instead "went on with the flow." The State requested leave to subpoena Terry's former attorney to testify about the plea hearing and what she explained to Terry. The district court denied the request, finding his former attorney's testimony was not necessary.

The district court denied Terry's request to set aside his plea. The district court explained it would not hold an evidentiary hearing unless the defendant met the threshold burden. The district court found Terry's previous counsel properly advised him by saying he could face additional prison time if he was convicted. Based on the date of Terry's plea documents, the district court found Terry and his prior counsel discussed the plea agreement three days before his plea hearing. The judge hearing Terry's motion was the same judge who presided over his plea hearing. The judge recalled discussing Terry's

acknowledgment of rights and entry of plea. She also recalled advising Terry of the rights he would be waiving by entering his plea. The district court found Terry's plea was freely, voluntarily, and knowingly made. The district court denied Terry's motion to withdraw his plea.

About a week later, the district court sentenced Terry to the aggravated number in the (KSGA). Terry received 61 months' imprisonment for attempted second-degree murder and 61 months' imprisonment for kidnapping to run consecutively. Based on the violent facts of the case, the district court found there were no "substantial and compelling reasons to depart from the guideline sentence."

ANALYSIS

*No good cause to withdraw plea*

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2018 Supp. 22-3210(d)(1). Terry argues the district court erred by denying his presentence motion to withdraw his plea without first conducting an evidentiary hearing.

On appeal, the defendant must establish the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018); *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016) (court abused its discretion in basing its denial on factual findings unsupported by the record).

Three factors (often called the *Edgar* factors) generally guide a district court's consideration of whether a defendant has demonstrated the good cause required to withdraw a plea prior to sentencing under K.S.A. 2018 Supp. 22-3210(d)(1): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was

4

fairly and understandingly made. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006); *State v. Taylor*, 266 Kan. 967, 977, 975 P.2d 1196 (1999). All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district court's discretionary decision on the existence or nonexistence of good cause. *State v. Aguilar,* 290 Kan. 506, 513, 231 P.3d 563 (2010).

Terry argues the district court abused its discretion because it did not provide him with a hearing as required by *Taylor,* 266 Kan. at 977. Terry's reliance on *Taylor* is misplaced.

In *Taylor*, the State charged Taylor with felony murder. In the year before trial, Taylor's court appointed attorney did not discuss the possibility of a plea bargain with him. The night before trial, Taylor's attorney advised him she could win his case and told him he should not accept a 10-year sentence as part of a plea agreement. The next morning, his attorney's advice changed, and she told him the State offered a plea agreement and recommended he take it. This left Taylor with 20 to 90 minutes to decide whether to accept or deny the plea. He accepted the agreement, signed the five-page plea agreement document, and acknowledged acceptance of the plea agreement was his decision alone and free of duress. He also engaged in the familiar plea colloquy, and the district court found Taylor knowingly, intelligently, freely, and voluntarily entered the plea and waived his rights. 266 Kan. at 969.

One week later, Taylor wrote a letter to his attorney expressing dissatisfaction with his plea and his intent to hire a different attorney. Taylor believed his attorney had not sufficiently or competently represented him. At sentencing three weeks later, Taylor's attorney filed a motion to withdraw his plea and requested a continuance so Taylor could retain a new attorney. Before hearing any argument, the district court denied Taylor's request. 266 Kan. at 971.

Our Supreme Court reversed and remanded, finding the district court failed to hold a meaningful hearing because the court never allowed Taylor an opportunity to explain why he believed he needed to hire new counsel. 266 Kan. at 975-76. The Supreme Court also found Taylor's lack of conflict-free counsel prevented him from establishing good cause to withdraw his plea. 266 Kan. at 977. In applying the *Edgar* factors, our Supreme Court concluded the district court made no determination whether Taylor was represented by competent counsel. 266 Kan. at 977.

Terry's case is unlike *Taylor*. The district court in *Taylor* did not give him an opportunity to have his arguments heard. 266 Kan. at 975-77. Here, the district court heard from Terry and his new court appointed counsel. In his pro se motions, Terry claimed he accepted his plea "under duress" and he was "coerced, tricked, and unfairly taken advantage of." Counsel argued Terry was under duress when he pled because his former attorney told Terry he would face more prison time if he was convicted. Terry's new attorney acknowledged Terry's plea agreement "saved him about four years." Terry's new attorney also claimed Terry was unable to read and his previous attorney failed to thoroughly review the plea documents with Terry.

After prompting from the court, Terry confirmed he wanted to set aside the plea because his attorney told him he could face additional prison time if he was convicted as charged. Terry also told the court he did not thoroughly understand the plea documents, but he did discuss them with his attorney. Terry explained he was nervous during his plea hearing and wanted to tell the court he did not want to take the plea. Even so, Terry admitted the district court asked him several times whether he understood the plea agreement and Terry previously admitted he understood. The district court found Terry's plea was freely, knowingly, and voluntarily made. Unlike in *Taylor*, the district court here considered Terry's attorney's arguments and Terry's personal statements before finding Terry failed to show good cause to withdraw his plea.

6

Moreover, unlike *Taylor*, Terry had time to review and consider the plea agreement. As the district court noted, Terry went over the plea agreement with his former counsel three days before his plea hearing. Accordingly, Terry had a meaningful hearing to determine whether the district court should proceed to an evidentiary hearing.

Terry also appears to allege the district court erred about the facts in this case. He argues there was not "substantial competent evidence" to support the district court's decision to deny his motion to withdraw his plea agreement. But the substantial competent evidence standard does not apply here. See *Schaal*, 305 Kan. at 449 (reviewing a district court's denial to withdraw the plea under an abuse of discretion standard.) Here, the district court did not err. During the hearing on his motion, Terry admitted he discussed his plea agreement with his attorney. He also admitted during his plea hearing he agreed to waive his right to trial and understood what he was doing.

Based on the facts Terry presented, the district court did not abuse its discretion when it found Terry failed to show good cause to withdraw his plea agreement under K.S.A. 2018 Supp. 22-3210(d)(1).

*No jurisdiction to address aggravated sentence*

Terry argues the district court violated his Sixth and Fourteenth Amendment rights because a jury must determine whether the aggravating factors were present before the district court could impose the aggravated number under the KSGA. Terry relies on *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and argues the KSGA is unconstitutional. In *Cunningham*, the United States Supreme Court relied on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and held California's sentencing guidelines unconstitutional because those guidelines allowed the sentencing court to impose the aggravated sentence where the court, not the jury, found the aggravating factors. *Cunningham*, 549 U.S. at 270.

7

In *State v. Johnson*, 286 Kan. 824, 851, 190 P.3d 207 (2008), our Supreme Court held a sentence to any term within the range stated in a presumptive grid block of the KSGA does not violate *Cunningham* or *Apprendi*. This court is duty bound to follow Kansas Supreme Court precedent absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Terry does not claim our Supreme Court has indicated it will be departing from its previous position, so this court is bound by *Johnson.* Under K.S.A. 2018 Supp. 21-6820(c)(1) an appellate court shall not review an appeal of a sentence for a felony conviction of a presumptive sentence in the KSGA. This court lacks jurisdiction to address Terry's aggravated sentence within the KSGA presumptive grid box. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences)

Affirmed.