NOT DESIGNATED FOR PUBLICATION

No. 121,197

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDDY BIURQUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 21, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Freddy Biurquez appeals the district court's use of his prior criminal history to increase his sentence without proving his criminal history to a jury beyond a reasonable doubt. We granted Biurquez' motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by asking this court to affirm the district court's decision. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In February 2019, Biurquez pleaded guilty to possession of marijuana with intent to distribute and criminal possession of a firearm by a convicted felon, both felonies. The district court found Biurquez to have a criminal history score of G and sentenced him to

1

110 months' imprisonment for possession of marijuana with intent to distribute and 8 months' imprisonment for criminal possession of a firearm. The sentences were ordered to run consecutively. The district court granted Biurquez' request for dispositional departure and placed him on probation for a period of 36 months.

ANALYSIS

On appeal, Biurquez argues that the district court violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior criminal history to increase his sentence without proving his criminal history to a jury beyond a reasonable doubt. *Apprendi* held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, "[o]ther than the fact of a prior conviction," must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490.

The Kansas Supreme Court has considered this issue and confirmed that *Apprendi* does not apply when the sentence was based on a defendant's criminal history score under the revised Kansas Sentencing Guidelines Act (K.S.A. 2018 Supp. 21-6801 et seq.). See *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We are "duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position." *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). As a result, the district court did not violate Biurquez' rights when it used his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt.

Affirmed.