NOT DESIGNATED FOR PUBLICATION

No. 127,271

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD L. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Submitted without oral argument. Opinion filed June 13, 2025. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PICKERING, J.: Richard L. Jones appeals the district court's denial of his motion for departure sentence. He contends that the State violated the plea agreement by stating it did not oppose Jones' departure motion instead of actively participating in a joint recommendation for a departure. Our review of the record does not support Jones' argument that the State violated the plea agreement by failing to recommend a dispositional downward departure of probation. And even if the State was obligated to join in the recommendation for probation, we find that any error from its failure was harmless. Thus, we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, the State charged Jones with one count of aggravated residential burglary and two counts of theft for acts committed in September 2023. Jones pleaded no contest to aggravated residential burglary in exchange for the State's dismissal of the two theft charges. At the plea hearing, Jones' counsel explained, "My client's reached a plea agreement with the State, so we intend to enter a plea of no contest to Count 1, the aggravated residential burglary, and then the State has agreed to dismiss the remainder of the complaint. There are two other counts [for theft] in that complaint." Neither Jones nor the State identified any other terms of the agreement at that time.

The district court found Jones guilty and set the case for sentencing. Before the plea hearing ended, Jones moved for an own-recognizance bond. When asked for its recommendation, the State responded, "Judge, considering the charges here, the State is absolutely opposed to an [own-recognizance] bond in this case. This will be a presumptive prison case. However, there is an agreement for a departure motion." The State noted Jones had "an extensive criminal history dating back to 1974" which included "numerous" theft and burglary convictions.

Three weeks before sentencing, Jones filed a motion for departure sentence requesting a dispositional departure. In the motion, Jones claimed: "As part of the plea agreement, the State agreed to a dispositional departure for probation for 36 months." Additionally, the departure motion suggested Jones took responsibility for his actions, was 68 years old, and was struggling with health problems. The State did not file a motion in opposition to Jones' downward dispositional departure motion or seek to correct Jones' contention that the State had agreed to recommend he receive a downward dispositional departure.

At the sentencing hearing, the State was represented by a different prosecutor than the prosecutor who appeared at Jones' plea hearing. Defense counsel asked the district court to follow the "joint recommendation" to impose probation based on the departure motion. According to defense counsel, "As part of that joint recommendation the State said [it] would support the departure motion."

When asked for the State's position, the prosecutor told the district court:

> "Judge, pursuant to the plea agreement the *State is not opposing the motion for departure but is asking for the mid-box sentence*, which in this case is 162 months, with the defendant if the court grants the departure would be on probation for 36 months with Community Corrections. He was to obtain a mental health evaluation prior to sentencing and follow all the recommendations of that. Alcohol and drug within the 90 days and follow those recommendations. Successfully complete a theft offender program within 120 days. And then have no contact with this victim . . . or no trespass at [the victim's] property . . . here in Ottawa, Kansas. And finally, not to possess any firearms. We do show that he has 123 days of jail credit as of today's date. We're asking that he pay all the costs and fees, to include the $400 KBI lab fee and any BIDS attorney's fees the court determines he has the ability to pay." (Emphasis added.)

The district court inquired whether there were other factors it should consider as part of the departure motion, noting that the departure motion only indicated Jones had taken responsibility and that the State did not object. Before sentencing Jones, the court stated:

> "I have looked carefully at his criminal history, and this is an extraordinary case. You're right, plea agreements have value, and I have a tendency to go along with them as long as they make basic sense in some respect. Looking at your client's criminal history, I see he's got 13 convictions over the years for bad checks, certain financial card type crimes. He's got 14 separate convictions for theft or stealing, things of that matter. Prior to this he has 7 convictions for burglary or attempted burglary. Mr. Jones is clearly a career

3

criminal and a career thief who has no respect for other people's property. Either Mr. Jones is the worst thief in the world who got caught and convicted every time he stole something, or, . . . these convictions are nothing more than a handful of the many cases wherein he was discussed a thief and didn't get caught and convicted. I would tend to think that the more likely conclusion would be the second. . . . I'm, I'm happy to follow plea agreements when they make some semblance of sense to the court, and oftentimes I am willing, everything else being equal, to find that a plea agreement is a substantial and compelling reason in certain cases, as long as the nature of the case and the nature of the defendant—this, you know, this just shocks the conscience. You've been stealing people's stuff and going into their property, doing it for your adult life."

The district court denied Jones' departure motion, stating it did not find substantial and compelling reasons to depart from a prison sentence. Therefore, the court imposed the standard 162-month prison sentence. Jones now appeals.

## ANALYSIS

Jones did not object to the State's comments at sentencing or move to withdraw his plea. Generally, issues not raised before the district court cannot be raised on appeal. There are three exceptions to this rule: (1) The issue presents "'only a question of law . . . and is finally determinative of the case; (2) . . . consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights'"; or (3) the district court was right for the wrong reason. *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022). Jones asks us to consider this issue as being necessary to serve the ends of justice or prevent the denial of fundamental rights.

Other panels of our court have addressed the merits of a claim that the State violated a plea agreement for the first time on appeal when the defendant asserted a preservation exception. See, e.g., *State v. Meyer*, 51 Kan. App. 2d 1066, 1070, 360 P.3d 467 (2015). Therefore, we may address this issue for the first time on appeal.

4

*Standard of Review*

Whether the State breached a plea agreement presents a question of law over which appellate courts have unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

*Analysis*

The Supreme Court has explained the State's duty to fulfill its obligations under a plea agreement:

> "'"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process.'" *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021).

"'[A]pplication of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis in some circumstances.'" *State v. Frazier*, 311 Kan. 378, 382, 461 P.3d 43 (2020).

Jones contends the State violated the plea agreement by only telling the district court it did not oppose a departure rather than agreeing to recommend a dispositional departure. Jones asserts the State's failure to follow the plea agreement was not harmless because he accepted an offer to serve probation with a longer underlying prison sentence over an offer for a shorter prison sentence due to his poor health. Jones asks us to remand for resentencing before a different judge.

The State responds that the record is insufficient to show error since the State's obligation under the agreement was unclear. The State notes that the departure motion did not clearly articulate the State's position and contends that Jones waived his right to raise this issue by accepting the State's summary of the plea agreement. The State concedes that if it was required to recommend departure, it violated the agreement by telling the district court it did not oppose a departure. But the State argues that any error was harmless because the district court had to find substantial and compelling reasons to grant the departure and the State had dismissed two theft charges in exchange for the plea. The State suggests Jones would have accepted the plea regardless of the agreement on departure.

*Violation of Plea Agreement*

This case is complicated by the fact that no written plea agreement appears in the record. The State also acknowledged that there were two plea agreements offered in the case: a plea to a "much lesser" prison term and a plea with "an agreement to probation but with a very large underlying prison sentence."

It is unclear what the terms of plea agreement required. At the plea hearing, defense counsel described the agreement as Jones entering a plea to aggravated residential burglary with the State agreeing to dismiss the remainder of the complaint. Neither Jones nor the State provided any additional details on the plea agreement. Later, the State acknowledged that "there is an agreement for a departure motion," but did so in the context of opposing Jones' request for an own-recognizance bond. Similarly, at sentencing, Jones' counsel did not object when the State stated, "[P]ursuant to the plea agreement the State is not opposing the motion for departure . . . ."

"The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error." *State v. McCullough*, 293 Kan. 970, 999, 270 P.3d

6

1142 (2012). From the record before us, Jones' argument that the State breached the plea agreement fails.

*Harmless Error*

Even if we assume the State breached its obligations under the plea agreement, the error was harmless.

> "When a defendant requests specific performance of a plea agreement, the appropriate remedy for the State's breach, unless harmless, is to vacate the sentence and remand for a new sentencing hearing before a different judge, where the State will have the opportunity to fulfill its obligations under the plea agreement." *State v. Peterson*, 296 Kan. 563, Syl. ¶ 3, 293 P.3d 730 (2013).

As the party benefiting from the violation of a defendant's constitutional right to due process, the State must prove "'beyond a reasonable doubt that the error complained of . . . did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed' to the sentence." 296 Kan. at 574.

A review of the record convinces us that the State's breach did not affect the outcome of sentencing. The district court began its discussion by noting 34 of Jones' previous convictions, including 14 convictions for "theft or stealing" and 7 convictions for burglary or attempted burglary. The court suggested Jones was either the worst thief in the world, or these were simply the handful of crimes for which Jones had been caught and convicted. The court acknowledged that it usually followed the plea agreement "when they make some semblance of sense to the court" and was often "willing . . . to find that a plea agreement is a substantial and compelling reason" to depart. The district court stated, "I can't find a substantial and compelling reason to give you probation, Mr. Jones. You've got it coming. . . . I can't find a substantial and compelling reason given all of the facts underlying this case."

7

As the district court noted, Jones—who was being sentenced for aggravated residential burglary—had seven prior convictions for the similar crimes of burglary and attempted burglary for which he was now being sentenced. In addition to his burglary convictions, he also had a dozen theft convictions. Even without that critical factor, Jones had a total of 39 previous convictions. The district court meticulously explained why a dispositional departure to probation for Jones lacked "basic sense" given his extensive criminal history. The crime of conviction here was simply more of the same. We are confident the district court would have come to the same independent conclusion even if the State had made an affirmative recommendation for probation. We are convinced beyond a reasonable doubt that, even assuming the State breached its obligations under the plea agreement, that breach had no effect on Jones' sentence.

Affirmed.