NOT DESIGNATED FOR PUBLICATION

No. 118,190

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID BEVEINGTON VOORHEES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Coffey District Court; PHILLIP M FROMME, judge. Opinion filed July 6, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: David Beveington Voorhees appeals his sentence following his conviction of one count of distribution of oxycodone. We granted Voorhees' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On July 13, 2017, Voorhees pled no contest to one count of distribution of oxycodone. On August 10, 2017, the district court granted Voorhees' motion for a durational departure and sentenced him to a term of 83 months' imprisonment. Voorhees timely appealed.

1

On appeal, Voorhees claims the district court abused its discretion by failing to grant a more substantial durational departure or by failing to grant him probation. As Voorhees acknowledges, an appellate court reviews the extent of a district court's departure sentence for an abuse of discretion. See *State v. Jolly*, 301 Kan. 313, Syl. ¶ 7, 342 P.3d 935 (2015). A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. 301 Kan. 313, Syl. ¶ 7. The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Voorhees makes no claim that the district court's sentencing decision was based on an error of law or fact. He does not elaborate on how the district court's decision to deny probation and to impose an 83-month prison sentence was unreasonable given the standard presumptive sentence for Voorhees' crime was 136 months' imprisonment. The district court granted Voorhees substantial leniency and based on our review of the record, we cannot find that no reasonable person would have taken the view adopted by the judge. Voorhees has failed to show that the district court abused its discretion by imposing a departure sentence of 83 months' imprisonment.

Finally, Voorhees claims the district court erred in imposing a greater penalty based on his criminal history score that was not charged in the complaint and proven to a jury beyond a reasonable doubt. But as Voorhees acknowledges, the Supreme Court has resolved this issue contrary to his position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002), and *State v. Hitt*, 273 Kan. 224, 234-36, 42 P.3d 732 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication that our Supreme Court is departing from its position in *Ivory* and *Hitt*.

2

Affirmed.