NOT DESIGNATED FOR PUBLICATION

No. 117,495

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLON D. MCGINN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed July 20, 2018.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Carlon D. McGinn*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM:  Carlon D. McGinn appeals the district court's decision to deny his
motion to correct an illegal sentence. McGinn argues the sentencing court erred in
classifying his prior Colorado conviction for menacing, as defined in Colo. Rev. Stat.
§ 18-3-206 (2000), as a person offense for criminal history purposes. For the reasons
stated below, we affirm.

1

In 2003, McGinn pled guilty to one count each of rape and aggravated criminal sodomy. A presentence investigation report revealed McGinn had a criminal history score of B, based, in part, on a prior Colorado felony conviction for menacing. The district court sentenced McGinn to 554 months in prison, the mitigated presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA), based on McGinn's criminal history score of B.

In 2013, McGinn file a pro se motion to correct an illegal sentence, challenging the sentencing court's decision to include his Colorado menacing conviction as a person felony in his criminal history. McGinn claimed the court should have classified it as a nonperson offense. The district court denied the motion, finding McGinn invited any error by stipulating to his criminal history score at sentencing. On appeal, we reversed the district court's ruling and remanded the case for a hearing on the merits of McGinn's motion. Relying on our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015), we held a defendant's stipulation to criminal history at sentencing does not preclude a later claim that a prior conviction was improperly classified as a person or nonperson crime for criminal history purposes. *State v. McGinn*, No. 112,697, 2016 WL 758310, at *2-3 (Kan. App. 2016) (unpublished opinion).

On remand, the district court appointed counsel for McGinn and held a hearing on his motion. McGinn argued that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Dickey*, the sentencing court should have classified his Colorado menacing conviction as a nonperson offense because there is no comparable offense in Kansas. The State disagreed, arguing that the Colorado crime of menacing was comparable to the Kansas crime of aggravated assault. Following oral argument from both counsel, the district court denied McGinn's motion. The court held the Colorado

2

menacing statute was substantially similar and comparable to the Kansas aggravated assault statute. The district court later denied McGinn's motion to reconsider.

## ANALYSIS

McGinn argues the district court erred by denying his motion to correct an illegal sentence. As he did to the district court, McGinn asserts the sentencing court improperly classified his Colorado menacing conviction as a person crime because Colo. Rev. Stat. § 18-3-206 is not comparable to K.S.A. 21-3410, the Kansas aggravated assault statute in effect at the time of his 2000 crimes of conviction. The State counters that while the two offenses do not have identical elements, they are sufficiently similar to constitute comparable offenses. Alternatively, the State argues that Colo. Rev. Stat. § 18-3-206 is comparable to the Kansas crime of simple assault, K.S.A. 21-3408.

"The court may correct an illegal sentence at any time." K.S.A. 2017 Supp. 22-3504(1). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, whether a prior conviction was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *Dickey*, 301 Kan. at 1034.

The term "illegal sentence" is defined in K.S.A. 2017 Supp. 22-3504(3):

"(3) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

3

McGinn challenges his sentence based on the second definition of an illegal sentence: His sentence does not conform to the applicable statutory provision in terms of the punishment authorized. Specifically, McGinn argues his Colorado menacing conviction should not have been classified as a person offense because it is broader than any comparable Kansas statute in effect at the time he committed the current crime of conviction. McGinn claims the sentencing court's misclassification in this regard resulted in a higher criminal history score which, in turn, caused the court to impose an illegal sentence that did not conform to the applicable statutory provision in terms of the punishment authorized.

In accordance with the KSGA, prior convictions are considered when determining a defendant's criminal history score. K.S.A. 2017 Supp. 21-6811(e)(1). Prior convictions include convictions from both Kansas and out-of-state jurisdictions as well as juvenile adjudications. K.S.A. 2017 Supp. 21-6811(e)-(f). But constitutional considerations have led to limits on the process of classifying prior convictions:

> "The constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey*, 301 Kan. 1018, Syl. ¶ 7.

Within those bounds, Kansas courts follow two steps to classify an out-of-state conviction for criminal history. First, the court must categorize the prior conviction as a misdemeanor or a felony. To do so, the court defers to the convicting jurisdiction's classification of the conviction as a felony or misdemeanor crime. K.S.A. 2017 Supp. 21-6811(e)(2)(A). The crime of menacing in Colorado can be either a misdemeanor or a felony, depending on the circumstances. See Colo. Rev. Stat. § 18-3-206. McGinn does not dispute that his conviction was a felony. Thus, Kansas will score McGinn's prior crime as a felony.

In the second step, we must determine whether the out-of-state felony should be classified as a person or nonperson felony. With regard to this determination, K.S.A. 2017 Supp. 21-6811(e)(3) provides guidance: "In designating a crime as person or nonperson, *comparable* offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." (Emphasis added.) If there is no comparable crime, the court should classify the conviction as a nonperson crime. But if there is a comparable offense and the Kansas crime is classified as a person crime, the out-of-state conviction should also be classified as a person crime. See K.S.A. 2017 Supp. 21-6811(e)(3). Our Supreme Court recently clarified the requirements for an out-of-state crime to be comparable:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

McGinn committed his current crimes of conviction in September 2000. Thus, we must compare Colo. Rev. Stat. § 18-3-206 with the Kansas criminal statutes in effect at that time. See K.S.A. 2017 Supp. 21-6811(e)(3). When McGinn committed his current crimes of conviction, Kansas defined assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm." K.S.A. 21-3408. Aggravated assault was defined as an assault committed: "(a) With a deadly weapon; (b) while disguised in any manner designed to conceal identity; or "(c) with intent to commit any felony." K.S.A. 21-3410.

Under Colo. Rev. Stat. § 18-3-206, "[a] person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury." The crime is a felony if committed: "(a) By the use of a deadly weapon or any article used or fashioned in a manner to cause

5

a person to reasonably believe that the article is a deadly weapon; or (b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon." Colo. Rev. Stat. § 18-3-206. Although McGinn admits that he committed the crime of felony menacing, it is unclear whether his conviction was under subsection (a) or (b).

For the Kansas crime of aggravated assault, McGinn does not dispute that Colo. Rev. Stat. § 18-3-206 is either identical to or narrower than K.S.A. 21-3410 in most respects. But McGinn argues that the Colorado menacing statute is broader because, unlike the Kansas aggravated assault statute, Colo. Rev. Stat. § 18-3-206(b) criminalizes conduct where a deadly weapon is only suggested or implied.

McGinn's argument has merit. Relevant here, K.S.A. 21-3410(a) prohibits the commission of an assault "[w]ith a deadly weapon." But Colo. Rev. Stat. § 18-3-206(b) does not require the actual use of a deadly weapon. Instead, it merely requires a person "representing verbally or otherwise that he or she is armed with a deadly weapon." Colo. Rev. Stat. § 18-3-206(b). Because McGinn's Colorado conviction could have resulted from conduct exceeding Kansas' definition of aggravated assault, the district court erred in finding that the two crimes were comparable. See *Wetrich*, 307 Kan. at 562.

Nevertheless, the State alternatively argues that Colo. Rev. Stat. § 18-3-206(b) is comparable to K.S.A. 21-3408, Kansas' simple assault statute. As previously stated, K.S.A. 21-3408 defines assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm." Assault is a person crime. See K.S.A. 21-3408. Colo. Rev. Stat. § 18-3-206(b) defines felony menacing as a "person representing verbally or otherwise that he or she is armed with a deadly weapon." Under the identical-or-narrower rule set forth in *Wetrich*, these crimes are comparable because McGinn's conviction under Colo. Rev. Stat. § 18-3-206(b) could not have resulted from conduct exceeding Kansas' broad definition of simple assault under K.S.A. 21-3408. As a result, the sentencing court properly classified McGinn's Colorado menacing conviction as a

person crime and the district court did not err in denying McGinn's motion to correct an illegal sentence. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (if district court reaches correct result, its decision will be upheld even though it relied upon wrong ground or assigned erroneous reasons for its decision).

Finally, McGinn asserts in his supplemental brief that any time the sentencing court classifies a prior conviction as a person offense, it violates the principles set forth in *Apprendi*. McGinn acknowledges that his arguments are contrary to the Kansas Supreme Court's ruling in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but suggests that *Ivory* was wrongly decided. The Kansas Supreme Court has shown no indication that it is departing from its position in *Ivory*; thus, we are duty bound to follow it. See *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

Affirmed.