NOT DESIGNATED FOR PUBLICATION

No. 118,594

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SALVADOR VENEGAS JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Opinion filed August 3, 2018.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., GREEN and HILL, JJ.


PER CURIAM: Salvador Venegas Jr. appeals the district court's order that he register as a violent offender, arguing the requirements in the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In his view, the fact that he used a deadly weapon should have been found by a jury, not a judge. We are duty bound to follow our Supreme Court's precedent holding that without a factual record on this issue, Venegas cannot show that the registration requirements constitute punishment. Because the offender registration requirements did not increase Venegas' punishment, it was not necessary for the fact that he used a deadly weapon to be found by a jury.

1

Following a deadly traffic accident in 2016, the State charged Venegas with murder in the second degree, driving under the influence of alcohol, his second offense, and several traffic infractions. In compliance with his plea agreement, Venegas pled no contest to involuntary manslaughter while driving under the influence of alcohol, a severity level 4 person felony. In return, the State dismissed all other charges. The court sentenced Venegas to an upward durational departure sentence of 78 months in prison. In addition, the court found that Venegas committed his crime with a deadly weapon—his vehicle—and ordered Venegas to register as a violent offender for 15 years under K.S.A. 2017 Supp. 22-4902(e)(2). This fact was not established by Venegas' no contest plea.

On appeal, Venegas contends that the district court violated his jury trial rights as stated in *Apprendi*, by making a factual finding that he committed his crime with a deadly weapon and thereby ordering him to register as a violent offender under KORA.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing." *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015).

Venegas acknowledges that our Supreme Court in *State v. Huey*, 306 Kan. 1005, Syl. ¶¶ 1-2, 399 P.3d 211 (2017), *cert. denied* June 25, 2018, held KORA was not punishment. But he argues the Supreme Court was wrong. He contends that since the 2011 amendments, KORA has moved from a civil regulatory scheme to punishment. Venegas also acknowledges he did not raise this issue below, but he contends that it presents a pure question of law that can be addressed for the first time on appeal.

2

In *State v. Petersen-Beard*, 304 Kan. 192, 209, 377 P.3d 1127 (2016), our Supreme Court held that the requirement that a convicted felon register under KORA does not constitute punishment; therefore, any fact-finding made by the court to determine if registration is required is not unconstitutional.

In *Huey*, the court specifically held that *State v. Charles*, 304 Kan. 158, 179, 372 P.3d 1109 (2016), was not viable authority to determine whether KORA was punitive. 306 Kan. at 1006. The *Huey* court held that the Legislature intended KORA to be civil and nonpunitive and that "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal remedy." 306 Kan. 1005, Syl. ¶¶ 1-2. The court must consider several factors to determine whether KORA's effects render it punitive as applied to violent offenders. The questions are fact-intensive and require a robust record. *Huey*, 306 Kan. at 1010. Like here, Huey raised his *Apprendi* challenge for the first time on appeal. Without a record, the court stated it could not conclude the effects of KORA were so punitive to override the Legislature's intent that KORA be a civil remedy. It was Huey's burden to make this showing. 306 Kan. at 1010.

This court is duty bound to follow Kansas Supreme Court precedent, unless there is some indication the court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). *Huey* was decided less than a year ago. The court then reaffirmed it in *State v. Watkins*, 306 Kan. 1093, 1094-95, 401 P.3d 607 (2017). We see no indication that the court is departing from its position.

Affirmed.

3