NOT DESIGNATED FOR PUBLICATION

No. 119,149

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRISTEN L. HOLLINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed December 7, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Tristen L. Hollins appeals his sentence following his conviction of battery of a law enforcement officer. We granted Hollins' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

On May 22, 2015, the State charged Hollins with one count of battery of a law enforcement officer, a severity level 5 person felony. On October 13, 2015, Hollins pled no contest to the charge. By agreement of the parties, the district court ordered a presentence investigation (PSI) to be conducted at Larned State Security Hospital (Larned). On April 15, 2016, after finding that Hollins needed psychiatric care and treatment and that such care and treatment might materially aid in his rehabilitation, the

1

district court committed Hollins to Larned for care and treatment under K.S.A. 2015 Supp. 22-3430. The court entered a second commitment order on November 17, 2016.

Hollins eventually was released from Larned, and the case proceeded to sentencing on January 12, 2018. The PSI report placed Hollins into criminal history category A with a presumptive sentence of 122-130-136 months' imprisonment. After receiving witness testimony and argument of counsel, the district court granted Hollins' motion for a durational departure and sentenced him to 34 months' imprisonment, but the court denied Hollins' motion for a dispositional departure to probation. Hollins appealed.

On appeal, Hollins claims the district court "abused its discretion in failing to grant a more substantial departure after acknowledging Mr. Hollins' history of mental health issues." This court has jurisdiction to review Hollins' claim of error on appeal. See *State v. Looney*, 299 Kan. 903, 906-09, 327 P.3d 425 (2014). We review the extent of a departure sentence for an abuse of discretion. *State v. Favela*, 259 Kan. 215, Syl. ¶ 9, 911 P.2d 792 (1996). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Here, the district court decided that Hollins should receive a substantial durational departure but that a dispositional departure to probation was not warranted by the facts. In denying Hollins' motion for a dispositional departure, the district court stated:

> "I recognize he has mental health issues, I also recognize he's a father and he loves these three boys. Again, I go back to this picture again. I know that he and I know his mother and everybody wants to get him in a situation where he can get away from the criminal

justice system, get the help he needs and be a father and a son that he needs and wants to be. But the Court cannot just completely ignore everything that's gone on, including the underlying offense here. And so instead of what could be up to 136 months he's being sentenced to basically a hundred months less than that, which I think is very reasonable under the totality of the circumstances."

Hollins fails to assert any argument on appeal that shows that the district court's refusal to grant a dispositional departure was an abuse of discretion. The record reflects that the district court carefully considered Hollins' mental health issues in imposing the sentence. But the district court also considered the nature of Hollins' underlying crime and his criminal history of 18 prior convictions, including 2 prior convictions of aggravated robbery. The district court showed substantial leniency by granting Hollins a durational departure of about 100 months' imprisonment. But the court's decision to deny Hollins a dispositional departure to probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Hollins has failed to show that the district court abused its discretion by denying his motion for a dispositional departure.

Finally, Hollins claims the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proven to a jury beyond a reasonable doubt." But Hollins acknowledges that our Supreme Court has resolved this issue contrary to his position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We have no indication that our Supreme Court is departing from its position in *Ivory*.

Affirmed.

3