NOT DESIGNATED FOR PUBLICATION

No. 117,663

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL DEAN BASTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed December 21, 2018. Reversed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PIERRON, J.: A jury convicted Russell Dean Baston of one count of trafficking in contraband in a correctional facility. He appeals the sufficiency of the evidence to support that verdict.

The facts of this case are largely undisputed. In June 2015, Officer Kim Nicholson spoke with Brenda Johnson after Johnson was stopped by the police. Johnson offered to provide information about the "methamphetamine scene in Lawrence." A few days later, Johnson told Officer Nicholson that she would be with Baston, and she described the car

1

that he would be driving. Johnson gave Officer Nicholson the license plate number which tied the car to a "known methamphetamine dealer."

Officer Nicholson passed the information to Officer Charles Cottengim, who set up surveillance and then initiated a traffic stop to make contact with Baston and Johnson. Baston provided his name to the officer but was unable to produce a driver's license. Because he lacked this identification and the license plate did not match the vehicle, Officer Cottengim asked Baston to exit the car. A pat-down search did not reveal any evidence of a weapon or contraband. A search of the vehicle revealed a pipe that could be used for smoking marijuana and some methamphetamine.

Baston was taken into custody and transported to jail, where a deputy performed another pat-down search. As Baston was being walked into a holding cell, Officer Cottengim heard Baston make a "grunting noise" before a glass pipe fell from inside of Baston's shorts. Johnson testified she had seen Baston conceal a pipe in his shorts. The jail administrator testified that inmates are not allowed to possess drug paraphernalia in the jail, but he was not asked if Baston was told that prior to his entry, and he was not asked if inmates were ever given a definition of contraband.

Baston was charged with one count of possession of methamphetamine, one count of trafficking in contraband in a correctional institution, and two counts of possession of drug paraphernalia. A jury acquitted him of the methamphetamine charge and one of the paraphernalia charges and found him guilty of trafficking in contraband in a correctional institution and the other count of possession of paraphernalia. Baston received a controlling sentence of 43 months' imprisonment with 24 months of postrelease supervision. He appeals his convictions.

Baston contends the State failed to present any evidence to show that he was advised about the jail's policies regarding contraband or drug paraphernalia and then

2

given an opportunity to hand over any contraband. Because the State either failed to provide this constitutionally required notice or failed to prove that it did, Baston argues that K.S.A. 2016 Supp. 21-5914 is unconstitutional as applied to him. Baston does not assign error to his conviction for possession of drug paraphernalia. That issue has been abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Generally, whether a criminal defendant's due process rights were violated is a question of law over which appellate courts exercise unlimited review. *State v. Smith-Parker*, 301 Kan. 132, 165, 340 P.3d 485 (2014).

The State notes that Baston never raised this due process issue before the district court. The record on appeal shows that Baston did file a motion for new trial/motion for judgment of acquittal. But the motion is based on Baston's belief that the State failed to adequately prove his intent to commit a crime. There was never any mention at trial regarding the lack of notice to Baston about what constituted contraband within the jail.

Generally, constitutional claims will not be reviewed for the first time on appeal. There are three recognized exceptions to this rule, and arguments will be considered if (1) the newly asserted claim involves only a question of law arising on admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason. A party seeking an exception must explain why the appellate court should address the merits of a new argument. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Baston acknowledges this issue is being raised for the first time on appeal. He asks us to address the merits of his argument because it involves a fundamental right to due process.

The *Godfrey* court relied heavily on the language of Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34), which requires litigants to explain why an issue is properly before the court if a pinpoint citation cannot be provided to show where in the record on appeal an issue was raised and ruled on. 301 Kan. at 1043-44. In *Godfrey*, there was no effort made by counsel to explain why the error should be reviewed for the first time on appeal. In contrast, Baston's counsel acknowledges that we would need to look for error without a district court ruling.

There is no caselaw which establishes the degree to which a litigant must explain why first-time review of a constitutional issue is warranted. *Godfrey* suggests that compliance with Supreme Court Rule 6.02(a)(5) is adequate, and Baston almost certainly did enough to meet that threshold. In addition, this appeal can be seen as a challenge to the sufficiency of the evidence that led to Baston's conviction. There is no need to preserve for appeal a challenge to the sufficiency of the evidence.

K.S.A. 2015 Supp. 21-5914(a)(3) criminalizes the unauthorized possession of "any item" while in any correctional institution without the consent of the administrator of the correctional institution. When asked to review this statute, the court in *State v. Watson*, 273 Kan. 426, 435, 44 P.3d 357 (2002), clarified that it is "constitutionally permissible for the legislature to vest the administrators of correctional institutions with the authority to determine what items constitute contraband." However, in order to pass constitutional muster, those administrators must establish "adequate safeguards" to "ensure that the statute is not implemented in an unconstitutional manner." 273 Kan. at 435. Although the *Watson* court did not elaborate on what constitutes an adequate safeguard, it did explain that persons of "common knowledge" must be adequately warned about what conduct is prohibited. 273 Kan. at 435.

This vague idea of a safeguard was refined in *State v. Taylor*, 54 Kan. App. 2d 394, 429, 401 P.3d 632 (2017). Law enforcement officials had discovered a bag of

4

marijuana in Taylor's shoe while he was being booked in to custody. The jail did have a sign which warned that there were to be "No illegal weapons or drugs. But it was undisputed that Taylor never received individualized notice about the facility's contraband policies or that possession of marijuana within the facility could result in additional criminal charges. The lack of notice kept Taylor from knowing what conduct was illegal, resulting in a due process violation as the statute was unconstitutional as applied to him. 54 Kan. App. 2d at 431. The *Taylor* court concluded that the lack of notice necessarily meant that Taylor's conviction for trafficking in contraband was not supported by sufficient evidence. 54 Kan. App. 2d at 431.

*Taylor* appears to control the outcome of this case. The State contends it is "inconceivable that a well-minded person would believe that an illegal methamphetamine pipe did not constitute contraband." But *Taylor* clarified that controlled substances are not per se contraband under the statute, since the Legislature has no role in determining what items constitute contraband. 54 Kan. App. 2d at 424-25. It tied this finding to *Watson* when noting that since that case was decided, individualized notice has been required in order for the statute to provide adequate due process. 54 Kan. App. 2d at 431.

This link to *Watson* deflects the State's other primary argument, which is *Taylor* was not decided until six months after Baston's trial and thus could not affect the outcome of this case. It appears that *Taylor* sticks very closely to *Watson* by reinforcing a correctional institution's duty to provide individualized notice to every individual in order to avoid concerns about vagueness. 54 Kan. App. 2d at 431. *Watson* was concerned with the broad "any item" language found in the statute. 273 Kan. at 428-29. The State is correct when it notes that we are not bound by the decision of another Court of Appeals panel. But we must follow Kansas Supreme Court precedent, especially in cases such as this where there is no indication of a change in the law. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

5

The State's final argument in favor of affirming the jury's verdict is that Baston actively concealed the pipe in a hard-to-find spot, which shows that he knew that he was doing something illegal. It may be that Baston knew that possession of the pipe was illegal. But it is unclear whether Baston knew that he faced additional criminal penalties for possessing the pipe within the jail. The record does not show any evidence to prove that Baston's concealment was for anything other than fear of a conviction for possession of drug paraphernalia.

At trial, the jail administrator testified that the facility had operational policies and procedures. He testified that inmates were not allowed to possess drug paraphernalia within the facility. But he did not testify that Baston was given notice about what items were barred from the facility as paraphernalia. The State presented no evidence of such a notice ever being given. Under the precedent of *Watson* and *Taylor*, this lack of notice renders K.S.A. 2015 Supp. 21-5914(a)(3) overly vague as applied to Baston. The State's failure to prove notice means that Baston's conviction was not supported by sufficient evidence.

Reversed.

\* \* \*

MALONE, J., concurring:  I concur with the result that Russell Dean Baston's conviction of trafficking in contraband in a correctional facility must be reversed because the State presented no evidence to show that Baston was advised about the jail's policies on contraband. I write separately only to express my view that the holding in *State v. Taylor*, 54 Kan. App. 2d 394, 431, 401 P.3d 632 (2017), goes too far by requiring that a jail inmate receive *individualized* notice of what items constitute contraband within a correctional facility. This requirement goes beyond our Supreme Court's holding in *State*

6

*v. Watson*, 273 Kan. 426, 435, 44 P.3d 357 (2002), that administrators of correctional institutions must establish "adequate safeguards" to "provide persons of common knowledge adequate warning of what conduct is prohibited."

In my view, a conviction of trafficking in contraband in a correctional facility can be upheld if the evidence shows that the correctional facility prominently displays a sign at the entry or booking desk, warning individuals that contraband is prohibited within the facility and giving some sort of broad definition of contraband. But in Baston's case, there was no evidence that the jail posted any kind of sign notifying the public about items prohibited by the facility as contraband. Because the evidence fails to show that Baston received any notice of what conduct was prohibited under K.S.A. 2015 Supp. 21-5914(a)(3), his conviction for violating this statute cannot be upheld.