NOT DESIGNATED FOR PUBLICATION

No. 121,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL DEAN JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed December 6, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Michael Dean Johnson appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Johnson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Finding no error, we affirm the district court.

Following a plea agreement, Johnson pled guilty to one count of possession of methamphetamine. In exchange for his plea, the State agreed to dismiss the remaining counts and to recommend that Johnson be sentenced to the standard period of probation. The district court sentenced Johnson to 15 months in prison but released him on probation for a term of 18 months.

1

On May 1, 2018, Johnson admitted to violating the conditions of his probation by failing to report to supervision and by failing to complete drug treatment. Based on the recommendation of both parties, the district court ordered Johnson to serve a three-day jail sanction. The district court did not modify the conditions or duration of Johnson's probation. On April 12, 2019, Johnson admitted to violating the conditions of his probation again by, among other things, committing the new crime of felony theft as detailed in Jackson County case 18 CR 413. Johnson requested another intermediate sanction. The district court denied that request, revoked his probation, and ordered him to serve his underlying prison sentence.

On appeal, Johnson first argues that the district court erred when it used his criminal history score to calculate his sentence without requiring that it be proven beyond a reasonable doubt. Doing so, he claims, violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But the Kansas Supreme Court specifically rejected that argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), where it held that the use of a defendant's criminal history score to increase his or her sentence does not violate that defendant's constitutional rights under *Apprendi*. Because there is no indication that our Supreme Court is departing from its position in *Ivory*, we are duty bound to follow it. See *State v. Watkins*, 306 Kan. 1093, 1094, 401 P.3d 607 (2017) (reaffirming *Ivory*); *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) (Court of Appeals duty bound to follow Supreme Court precedent).

Johnson also argues that the district court abused its discretion by denying his request for another intermediate sanction. Specifically, Johnson claims that a 60-day intermediate sanction was more appropriate and that no reasonable person would take the position of the district court to bypass such a sanction and impose the underlying sentence.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court revoked Johnson's probation and imposed his underlying prison sentence after finding that he had committed and been convicted of a new crime while on probation. The district court was not legally required to impose an intermediate sanction because Johnson committed a new offense while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (district court does not have to impose intermediate sanction if offender commits new felony or misdemeanor while offender is on probation). Given the facts presented and the applicable law, there is no evidence to show that the district court's decision to revoke Johnson's probation was arbitrary, fanciful, or unreasonable. See *Mosher*, 299 Kan. at 3; *Gumfory*, 281 Kan. at 1170. As such, we find that the district court did not abuse its discretion when it revoked Johnson's probation and ordered him to serve his underlying prison sentence.

Affirmed.