NOT DESIGNATED FOR PUBLICATION

No. 122,609

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH CREED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Thomas District Court; GLENN D. SCHIFFNER, judge. Opinion filed January 22, 2021. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Kenneth Creed appeals the district court's decision to sentence him to lifetime postrelease supervision after he was convicted of aggravated indecent solicitation of a child. We granted Creed's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). On appeal, Creed contends that that the imposition of lifetime postrelease supervision is categorically unconstitutional. He also contends that the district court abused its discretion when it sentenced him to lifetime postrelease supervision. Based on the Kansas Supreme Court's decision in *State v. Cameron*, 294 Kan. 884, 898, 281 P.3d 143 (2012), we conclude that the district court did not error in sentencing the defendant. Rather, the district court sentenced Creed in accordance with the mandate set forth in K.S.A. 2012 Supp. 22-3717(d)(1)(G)(i). Thus, we affirm.

1

FACTS

The facts of this case are undisputed. On May 8, 2013, Creed pleaded guilty to one count of aggravated indecent solicitation of a child. Based on Creed's criminal history score of D, he faced a presumptive sentence of imprisonment. Prior to his sentencing, Creed filed a motion for a downward dispositional departure to probation.

At the sentencing hearing on June 5, 2013, the district court heard testimony from Creed, Creed's father, and Creed's stepmother regarding his request for probation. Although the district court denied Creed's request for probation, it did impose a mitigated presumptive sentence of 50 months' imprisonment. The district court also sentenced Creed to lifetime postrelease supervision. Thereafter, Creed timely appealed and we granted his motion for summary disposition of sentencing appeal.

ANALYSIS

The sole issue presented by Creed on appeal is whether the district court erred by sentencing him to lifetime postrelease supervision following his conviction for aggravated indecent solicitation of a child. Creed argues that a sentence of lifetime postrelease supervision is categorically unconstitutional. In the alternative, Creed argues that the district court abused its discretion when it failed to impose a lesser term of postrelease supervision. We find neither of these arguments to be persuasive.

In his motion for summary disposition, Creed's counsel candidly recognizes that, in *Cameron*, 294 Kan. 884, Syl. ¶ 3, the Kansas Supreme Court held that the imposition of lifetime postrelease supervision following an aggravated indecent solicitation conviction is not categorically unconstitutional. Specifically, in *Cameron*, our Supreme Court considered constitutional challenges to K.S.A. 22-3717(d)(1)(G) and held that the lifetime postrelease supervision requirement is not cruel or unusual punishment under

either § 9 of the Kansas Constitution Bill of Rights or the Eighth Amendment to the United States Constitution. 294 Kan. 884, Syl. ¶¶ 1-3.

Of course, we are "duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position." *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015); see also *McCullough v. Wilson*, 308 Kan. 1025, 1032, 426 P.3d 494 (2018) ("'[O]nce a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised.'"). Here, Creed has offered no reason for us to find that our Supreme Court is departing from its holding in *Cameron*, and we are unaware of any reason to believe that it will do so.

Further, the district court did not have discretion to impose a lesser term of postrelease supervision in this case. K.S.A. 2019 Supp. 22-3717(d)(1)(G)(i) provides:

> "Except as provided in subsection (u), persons sentenced to imprisonment for a sexually violent crime committed on or after July 1, 2006, when the offender was 18 years of age or older, and who are released from prison, *shall* be released to a *mandatory* period of postrelease supervision for the duration of the person's natural life." (Emphasis added.)

We find this statutory language to be clear on its face. Moreover, our Supreme Court found in *Cameron* that the statutory language regarding the imposition of lifetime postrelease supervision for a conviction of aggravated indecent solicitation of a child is mandatory. 294 Kan. at 899-900. Consequently, the district court did not abuse its discretion in sentencing Creed to lifetime postrelease supervision in this case.

We, therefore, conclude, that the district court did not err in imposing lifetime postrelease supervision and we affirm Creed's sentence.

Affirmed.