NOT DESIGNATED FOR PUBLICATION

No. 123,042

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES GARRETT JOHNSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed February 19, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: James Garrett Johnson appeals his Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., sentence for violating the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. Johnson argues the district court (1) violated his constitutional rights to determine his criminal history and (2) should have sentenced him to probation. We granted Johnson's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After a review of the record, we find the first issue is controlled by *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), and the district court did not err. We also find we have no jurisdiction over his second argument. Therefore, we affirm in part and dismiss in part.

1

Johnson pled guilty as charged to violating KORA by failing to register as a sex offender. At sentencing, Johnson asked the district court to sentence him to probation because he had recently made efforts to improve his life. The district court, however, denied Johnson's request, finding this crime was committed while he was on probation in another felony case. The district court then sentenced Johnson to 20 months' imprisonment followed by 24 months' postrelease supervision, which was Johnson's presumptive sentence under the KSGA. The district court imposed this sentence consecutive to Johnson's other felony case.

On appeal, Johnson makes two arguments. First, Johnson argues the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed 2d 435 (2000), when the district court relied on his criminal history to sentence him without first requiring his criminal history to be proven to a jury beyond a reasonable doubt. Second, Johnson argues the district court should have sentenced him to probation as he requested given his recent efforts to improve himself. Johnson's arguments are not persuasive. Our Supreme Court has previously rejected both.

In *Ivory*, 273 Kan. at 45-48, our Supreme Court held the *Apprendi* rule does not apply when a district court imposes the defendant's presumptive sentence under the KSGA. Here, it is undisputed Johnson received a standard presumptive sentence under the KSGA. Because we are duty-bound to follow our Supreme Court's precedent, Johnson's argument that his rights under *Apprendi* were violated fails. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015).

As for Johnson's contention the district court should have sentenced him to probation, we lack jurisdiction to review any defendant's challenge to a presumptive KSGA sentence. See K.S.A. 2020 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). Again, in this case, it is undisputed the district court sentenced Johnson to the standard presumptive sentence under the KSGA based on his

2

criminal history. We therefore lack jurisdiction to consider Johnson's argument he should have been granted probation.

Affirmed in part and dismissed in part.